## Rice v. Rice

*Jeffrey E. Leber,* for plaintiff.
*George Stenhach,* for defendant.

FINK, *P.J.,* November 22, 1983—We decide a case which may be one of first impression in the Commonwealth of Pennsylvania. The issue raised, we feel, is an important one, not necessarily for this case, but for the conduct of the business of the Courts of Potter County and possibly trial courts in Pennsylvania, although we do not propose to make precedent for other trial courts within the Commonwealth.

The facts which give rise to the issue are as follows: the parties were divorced based on the grounds of irretrievably broken marriage. The parties signed a consent thereto. Also raised, inter alia, in the divorce proceeding was identity and disposition of marital property. The collateral issue aforementioned was resolved, basically, by stipulation which was incorporated into a court order. The provisions with which we are here concerned, among others, were that defendant was to continue certain mortgage payments to a financing bank, the mort-

gage being on the marital residential dwelling, and to transfer title to defendant's vehicle to the financing bank in the instant case. A decree was handed down in April of this year. The only communications subsequent to that date between the parties were as follows: on May 18, counsel for defense sent the counsel for plaintiff by letter of enclosure a check for defendant's share of costs. On September 9, plaintiff's counsel sent counsel for defendant a letter inquiring as to defendant's intention to comply with the court order concerning the matters aforementioned.

On October 21 this court signed a rule submitted by plaintiff directing defendant to come in to show cause, if any he had, why he should not be held in contempt of court for failure to comply with the court order concerning the collateral matters aforementioned. On October 25, counsel for defendant was in receipt of a copy of the petition and rule signed by the court. On November 3, counsel for plaintiff sent by Certified Mail to defendant at his last known address, or at his record address, a copy of the petition and rule signed by the court although the record is void of any return receipt. The rule was returnable on November 7. Neither counsel or defendant appeared on November 7 whereby the court made the rule absolute and issued a citation for contempt.

Subsequent thereto or immediately thereafter, the initial Record counsel for defendant on behalf of defendant has filed the matter presently before the court, namely, a petition to set aside the order of court which made the rule absolute and finding defendant in contempt.

There was, in fact, no communication that has been brought to the attention of the court between defense counsel and his client from the entry of the

original decree in divorce up until approximately one month before November 7 at which time the initial record counsel for defendant contacted a third party whom the counsel had reason to believe would know the whereabouts of defendant and asked as to his whereabouts. Defendant was a truck driver who, apparently, had no regular residence (we are so informed by present counsel for defendant). Apparently, contact was finally made through the third party between the defendant and his counsel on November 12 at which time he asked about the citation for contempt and paid counsel a retainer for the purpose of presenting the Petition presently before the court.

A unique and quite important question is presented to this court for resolution. Counsel for plaintiff refers to Pa. R.C.P. 233 which is under the general heading of "Business of the Courts" which has to do with service of papers after a party acquires an attorney of record. This rule is somewhat helpful but not dispositive of the current issue before the court. Presented to the court is a basic question of, "when is the legal and ethical duty of a lawyer terminated as to his client with reference to any litigated matter in general, and specifically, a divorce case under the present Divorce Code"?

If it is found in the instant case that the defacto notice and service of the petition for citation sent or communicated by counsel for plaintiff to the initial counsel for defendant is, in fact, legal service, then we must deny the prayer for relief requested in the petition seeking to set aside the order of contempt for defendant has been served; he did not see fit to come in to court to show any cause at all and, therefore, the order was entered. If, on the other hand, defendant was not "legally served", then we would

feel compelled to grant the prayer for relief requested by the current petitioner.

There was some seven months intervening between the date of what purported to be the entry of the final decree and the citation for contempt. Does the original counsel for defendant have an ongoing duty of representation as it relates to the original defendant?

The court is of the belief in the instant case he does for if it were otherwise, in many, many instances, the business of the courts would grind to a halt or at least be slowed to a slower pace than they now operate. Furthermore, the practicality of enforcing a decree such as the one sought to be enforced in the instant case would be increasingly difficult to enforce. We feel there is at least an obligation of communication which brings the next question.

The next question is, under the facts and circumstances, did counsel perform his obligation to the best of his ability? We think he did, but we do not believe, on the other hand, that defendant performed a remaining duty that he had above and beyond compliance of the court order. It is clear to this court that by the very nature of the original court order, there was an ongoing duty of defendant. That being so, defendant had an obligation to keep his counsel advised of how he could be contacted promptly, and it was up to defendant individually to make as certain as he could that as to the ongoing issues unresolved arising out of the original divorce case that he could be contacted within a reasonable time. He failed in that duty.

The court, therefore, finds that service on the attorney, the original attorney, even though he had not, in fact, had any communication with the defendant from the time of the issuance of the final

decree in divorce until November 12 was, in fact, service on the defendant. This is no fault of counsel for defendant for as heretofore stated, we find that he did, indeed, perform the duty which we find to exist to attempt to notify his client. The problem lies, as far as defendant is concerned, with his failure to carry out his duty to make his whereabouts known at all times to counsel.

We, therefore, find that the findings of contempt was valid even though performed unilaterally in that defendant was served under the rules and, thus, the following:

## ORDER OF COURT

And now, this November 22, 1983, defendant's petition to set aside the order of this court is hereby denied.